**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NICHOLAS MITCHEM,

Plaintiff,

vs.

CITY OF MIDDLETOWN OHIO, et al.,

Defendants.

Case No. 1:26-cv-297

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against City of Middletown, six Middletown police officers (Bullard, Oldham, Engleka, Owens, Hoover and Bemis), Steven P. Longworth, the Clerk of the Middletown Municipal Court; and unidentified Doe defendants. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's amended complaint (Doc. 4-1) to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action

is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff alleges that Middletown police responded to a reported father-and-son dispute on June 25, 2025. He alleges that Officers Oldham and Bullard responded to the scene and that the complainant told police Plaintiff had punched him. Plaintiff further alleges that the complainant admitted throwing a root beer at Plaintiff, said he would retrieve a firearm, and began going upstairs before Plaintiff left the home. (Doc. 4-1, ¶¶ 22–30).

Plaintiff alleges that the officers did not interview available witnesses or obtain Plaintiff's account before a warrant issued. He also alleges, in conclusory terms, that officers omitted material exculpatory facts from the warrant presentation. (Id., ¶¶ 31–35). Plaintiff was arrested pursuant to a warrant on June 29, 2025, for domestic violence. (Id., ¶¶ 36–46). Following his arrest, Plaintiff appeared in Middletown Municipal Court Case No. CRB2501650. Plaintiff alleges that he did not execute a written plea, waiver,

probation-acknowledgment, or fine-consent documents, and that no meaningful individualized plea colloquy occurred. (Id., ¶¶ 47–56). Plaintiff alleges that he received a sentence of 90 days' incarceration and five years of non-reporting probation and served approximately 90 days in custody. (Id.).

Based on those allegations, Plaintiff asserts claims for: (1) false arrest and unreasonable seizure; (2) warrant-affidavit misrepresentation or material omission under *Franks v. Delaware*; (3) denial of procedural due process based on an invalid plea and waiver process; (4) procedural due process against the municipal-court clerk; and (5) municipal liability against the City of Middletown. Plaintiff seeks $2.5 million in compensatory damages and $2.5 million in punitive damages. (Id., ¶¶ 70–105).

Plaintiff's allegations concerning his plea, conviction, sentence, incarceration, probation, and resulting criminal-record consequences are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff alleges that he was convicted in Middletown Municipal Court Case No. CRB2501650 and served a 90-day jail sentence. He further alleges that he was sentenced to five years of non-reporting probation. Plaintiff contends that his plea and waiver of rights were constitutionally invalid, that no meaningful individualized plea colloquy occurred, and that he was subjected to incarceration and probation without constitutionally sufficient procedures.

In *Heck*, the Supreme Court held that a § 1983 plaintiff may not recover damages for an allegedly unconstitutional conviction, imprisonment, or other harm caused by unlawful actions whose unlawfulness would render a conviction or sentence invalid unless the plaintiff proves that the conviction or sentence has been invalidated. 512 U.S. at 486–87. Thus, where a judgment in the plaintiff's favor would necessarily imply the invalidity

of an outstanding conviction or sentence, the § 1983 claim is not cognizable unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by issuance of a federal writ of habeas corpus. *Id.*; *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003). This principle extends to claims for declaratory and injunctive relief where success would necessarily imply the invalidity of the underlying conviction or sentence. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

A judgment in Plaintiff's favor on those theories would necessarily imply the invalidity of the outstanding conviction, sentence, and probationary disposition. Plaintiff does not allege that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question through issuance of a federal writ of habeas corpus. Accordingly, Plaintiff's claims challenging the validity of his plea, conviction, sentence, incarceration, probation, and continuing criminal-record consequences are not presently cognizable under § 1983 and should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Heck*, 512 U.S. at 486–87

Next, Plaintiff's false-arrest and warrant-based claims in Counts I and II fail to state a claim upon which relief may be granted. Plaintiff alleges that he was arrested pursuant to a warrant. (Doc. 4-1, ¶¶ 36–45). Where an arrest is made pursuant to a warrant, a plaintiff must plausibly allege that the warrant was constitutionally invalid in order to maintain a Fourth Amendment claim premised on the purported absence of probable cause.

A warrant may be challenged where the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or omitted information material to the probable-cause determination. *Franks v. Delaware*, 438 U.S. 154, 155–56, 171–72 (1978); *Sykes v. Anderson*, 625 F.3d 294, 305–06 (6th Cir. 2010); *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003). Further, probable cause is a complete defense to a false-arrest claim. *Halasah v. City of Kirtland*, 574 F. App'x 624, 629 (6th Cir. 2014).

Plaintiff alleges generally that officers did not conduct a reasonable investigation, failed to interview available witnesses, failed to obtain his version of events, and omitted exculpatory information. Those generalized assertions do not plausibly establish that the warrant was invalid. The Fourth Amendment does not require officers to conduct every investigation a suspect considers appropriate, interview every potentially available witness, or obtain the suspect's account before seeking a warrant where probable cause otherwise exists. *See Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988); *Ahlers v. Schebil*, 188 F.3d 365, 371–72 (6th Cir. 1999); *Logsdon v. Hains*, 492 F.3d 334, 341–42 (6th Cir. 2007).

Plaintiff does not identify the officer who prepared or presented the warrant affidavit, describe the contents of the affidavit or probable-cause presentation, identify the particular facts allegedly omitted, allege facts showing that a named defendant knowingly or recklessly omitted those facts, or plausibly explain why a corrected affidavit would have failed to establish probable cause. Rather, the complaint alleges that officers received a statement accusing Plaintiff of punching the complainant and observed redness and swelling on the complainant's face. (Doc. 4-1, ¶ 26). The additional allegation that the complainant had thrown a root beer, announced an intention to retrieve a gun, and began

going upstairs before Plaintiff left does not, without more, establish that the warrant was unsupported by probable cause. (Id., ¶ 27). As such, Plaintiff's conclusory allegations of an inadequate investigation and material omissions therefore fail to state a plausible Fourth Amendment claim.

Plaintiff also fails to plead personal involvement by several defendants. To state a claim under § 1983, a plaintiff must allege that each defendant, through that defendant's own actions, violated the Constitution. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (personal involvement is required for personal liability). Plaintiff alleges that Officer Oldham was the arresting and transporting officer and that Officers Engleka, Owens-Jordan, Hoover, and Bemis were "attached" to the arrest-related event. (Doc. 4-1, ¶¶ 38–40). But Plaintiff does not allege facts showing that each officer participated in preparing the warrant materials, made or knew of a false statement or material omission, possessed the allegedly exculpatory information, or otherwise caused a Fourth Amendment violation. Plaintiff's collective references to "Defendants" do not plausibly allege the personal involvement required for individual § 1983 liability.

Last, Plaintiff's municipal-liability claim against the City of Middletown also fails to state a claim. A municipality may be liable under § 1983 only when an official policy, custom, or practice is the moving force behind a constitutional violation; it may not be held liable merely because it employs an allegedly tortious actor. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 694 (1978). Here, Plaintiff alleges in conclusory fashion that the City maintained deficient policies, customs, practices, training, supervision, and recordkeeping. (Doc. 4-1, ¶¶ 93–96). He identifies no specific municipal policy, no decision by an official with final policymaking authority, no pattern of similar

constitutional violations, no specific training or supervision deficiency, and no facts supporting an inference that the City acted with deliberate indifference. Allegations arising solely from Plaintiff's own criminal case do not plausibly establish a municipal policy or custom.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NICHOLAS MITCHEM,

Plaintiff,

vs.

CITY OF MIDDLETOWN OHIO, et al.,

Defendants.

Case No. 1:26-cv-297

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).